UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE ANN FRANCIS,

|  |  |
|---|---|
|  | Case No. 2:20-11894 |
| Plaintiff, | District Judge Terrence G. Berg |
|  | Magistrate Judge Anthony P. Patti |
| v. |  |

ANDREW SAUL,

COMMISSIONER OF

SOCIAL SECURITY

ADMINISTRATION,

Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14),
GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF
No. 16) and AFFIRM THE COMMISSIONER'S DECISION**

**I.    RECOMMENDATION**:    For   the   reasons   that   follow,   it   is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment

(ECF No. 14), **GRANT** Defendant's motion for summary judgment (ECF No. 16), and **AFFIRM** the Commissioner's decision.

## II.    REPORT

Plaintiff, Julie Ann Francis, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits ("DIB").  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (ECF No. 14), the Commissioner's cross-motion for summary judgment (ECF No. 16), and the administrative record (ECF No. 8.)

### A.  Background and Administrative History

Plaintiff, born August 1, 1960, alleges disability as of December 23, 2017. (ECF No. 8, PageID.175.) She filed an application for DIB on November 6, 2018. ((*Id*., PageID.41, 175.)  She alleges disability resulting from depression, anxiety, suicidal ideation, trigeminal neuralgia, and a hearing impairment.  (*Id*., PageID.190.) Following the initial denial of her claim on August 9, 2019, Plaintiff requested an administrative hearing, held January 10, 2020 in Lansing, Michigan.  (*Id*., PageID.55, 115.)  Administrative Law Judge ("ALJ") Amy Rosenberg presided.

2

(*Id.*)  Plaintiff, represented by counsel, testified, as did Vocational Expert ("VE") Heather Benton.  (*Id.*, PageID.60, 87.)  On February 4, 2020, ALJ Rosenberg determined that Plaintiff was not disabled within the meaning of the Social Security Act.  (*Id.*, PageID.41-50.)

On May 15, 2020 the Appeals Council denied Plaintiff's request for review of the administrative findings, making ALJ Rosenberg's findings the Commissioner's final determination.  (*Id.*, PageID.27-29.)  Plaintiff timely commenced the instant action on July 13, 2020.  (ECF No. 1.)

### B.  Plaintiff's Medical History

The administrative record contains approximately 730 pages of medical records, which were available to the ALJ at the time of her February 4, 2020 decision.  (*Id.*, PageID.266-997.)  These materials will be discussed in detail, as necessary, below.

### C.  The Administrative Decision

Pursuant to 20 C.F.R. § 404.1520(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability date.  (*Id.*, PageID.43.)   At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: "persistent depressive

disorder with major depressive episodes and anxious distress; cannabis use disorder; and hearing loss." (*Id.*).  At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id.*)  **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity (RFC)[1] and determined that Plaintiff had the RFC to work at all exertional levels with the following non-exertional limitations:

> [T]he claimant can tolerate work at a moderate noise level, at most, and should not perform work that requires precise hearing. She can carry out simple, routine tasks and can make simple work-place decisions. She should not perform work that is fast-paced or that requires strict production quotas. She is restricted to work in a relatively static environment, where changes can be explained and adjusted to over time.

(*Id.,* PageID.45.)  At **Step 4**, the ALJ determined that Plaintiff was unable to perform her past relevant work as a programmer analyst.  (*Id.*, PageID.48).  At **Step 5**, the ALJ cited the VE's job findings, concluding that Plaintiff could perform the unskilled work of a stock clerk, office clerk, and shipping clerk.  (*Id.*,

---

[1] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

PageID.49.)  The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, since December 23, 2017 through the date of the decision.  (*Id*., PageID.41,50.)

### D.  Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under this standard, "[s]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).  In deciding whether substantial evidence supports the ALJ's decision, the Court does "not try the case de novo, resolve conflicts in evidence, or decide

questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.   Analysis

Plaintiff argues that (1) The ALJ erred by declining to adopt treating psychiatrist Ryan A. Silwanowicz, M.D.'s finding of extreme psychological

6

limitation.  (ECF No. 14, PageID.1012.)  She contends that the ALJ's reliance on "'generally normal mental status examinations'" to discount the treating opinion is a "gross mischaracterization" of the record.  (*Id*. (*citing* ECF No. 8, PageID.47).)

She also argues (2) that the ALJ erred by applying the current regulations pertaining to medical opinion evidence to the analysis of Dr. Silwanowicz's opinion. (*Id*., PageID.1012-24); 20 C.F.R. § 404.1520c(b)(3).  She contends that the current regulations, which apply to claims for disability made on or after March 17, 2017, must yield to the judicially created "treating physician rule" which accords deference a treating source opinion. Consistent with the treating physician rule, Plaintiff notes that the previous regulations generally accord deference to the opinion of a treating source (*Id*.); *see* § 404.1527(c)(2).[2]

While Plaintiff did not apply for disability until November 2018, she makes a 12-page argument as to why the older standard ought to have been applied.  She finishes her argument with a one-sentence statement that the ALJ's analysis in this

_____

[2] For Supplemental Security Income ("SSI") claims under the older standard, § 416.927 rather than § 404.1527 applies. The two regulations have identical language. Likewise, § 416.920c and § 404.1520c contain identical language, the former  of which applies SSI claims made on or after  March 27, 2017.

case did not satisfy the older standard for analyzing a treating opinion. (ECF No. 14, PageID.1024.)  Her argument as to just why that is…is sparse.

The Court first considers Plaintiff's argument that the older standard applies to her claim.

### 1.  Plaintiff's Argument for the Application of § 404.1527(c)(2) Should be Rejected

Plaintiff has not shown the standards set forth § 404.1527(c) used analyze claims made before March 27, 2017 should be applied to her November 6, 2018 application for disability benefits.  Further, even assuming that the older standard applied, she cannot show how the application of the older standard would change the result.

### a.  20 C.F.R. § 404.1527(c)(2) and § 404.1520c

For claims filed before March 27, 2017, the opinion of a treating physician is accorded controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence."  *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009)(*citing Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004)); 20 C.F.R. § 404.1527(c)(2). Under the older standard, "a non-examining source's opinion is given less deference

8

than an examining (but not treating) source's opinion, which is given less deference than a treating source." *Brooks v. Comm'r Soc. Sec.*, 531 Fed.Appx. 636, 642 (August 6, 2013) (*citing Norris v. Comm'r Soc. Sec.*, 461 Fed. Appx. 433, 439 (6th Cir. February 7, 2012)). However, in the presence of contradicting substantial evidence, the ALJ may reject all or a portion of the treating source's findings. *Warner v. Commissioner of Social Sec.*, 375 F.3d 387, 390-392 (6th Cir. 2004)(While "[g]enerally, the opinions of treating physicians are given substantial, if not controlling, deference . . . . [t]reating physicians' opinions are only given such deference when supported by objective medical evidence."); *see Wilson*, at 547 (*quoting* § 404.1527)(ALJ may reject a treating source's findings provided that s/he supplies "'good reasons'" for doing so).

In contrast, for claims made on or after March 27, 2017, ALJs will assess both treating and non-treating medical evaluations based on how well they are supported by the remainder of the record. 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources"). In other words, under the new standard, the opinion of a treating source is not presumptively entitled to more deference than the opinion of a onetime examining source. In applying the newer standard, the factors to be considered in

evaluating medical opinions include: supportability and consistency with the record as a whole; relationship with the claimant; length of the treatment relationship; frequency of examinations; purpose and extent of the treating relationship; whether the source has examined the claimant; specialization; and any other factors that support or undermine the medical opinion. §404.1520c(c).[3]  ALJs must articulate the "most important factors of supportability and consistency" of the medical opinions but "are not required to . . . explain" the consideration given to the remaining factors. § 404.1520c(b)(2).

### b.  The Newer Regulations Do Not Yield to Judicial Precedent

Plaintiff did not apply for DIB until November 6, 2018, well over one year after § 404.1520c(c) took effect on March 27, 2017.  She argues nonetheless that the treating physician rule set forth in § 404.1527(c)) applies to her claim on the basis of judicial precedent. (ECF No. 14, PageID.1014.)  Plaintiff notes that even before the 1991 promulgation of § 404.1527(c), the Sixth Circuit held that a treating physician's opinion is entitled to deference. *Id.* (*citing Walker v. Secretary of HHS*, 980 F.2d 1066, 1070 (6th Cir.1992)).  Plaintiff also notes that the articulation

---

[3] Of course, under the new standard, the factors of relationship, length of the treatment, frequency of examinations, purpose and extent of the treating relationship, and whether the source has examined the claimant would tend to favor the opinions of treating sources.

requirement necessitating "good reasons" for rejecting a treating opinion predates §

404.1527(c).  (*Id.*, PageID.1015)(*quoting King v. Heckler,* 742 F.2d 968,972 (6th

Cir.1984)).   Plaintiff argues, in effect, that the current regulation, which does not

accord presumptively controlling weight to a treating source opinion, restricts

"Congress's grant of substantial evidence judicial review power." *Id.*  She posits that

the body of circuit caselaw regarding the treating physician rule cannot be "excised"

from the courts' "scope of review by regulation." *Id.*; § 404.1520c.

In turn, the Commissioner disputes that the "treating physician rule" takes

precedent over the new regulations, noting that "Congress expressly granted the

Commissioner of Social Security "'*full power and authority to make rules and

regulations* and to establish procedures, … [and to] adopt reasonable and proper

rules and regulations to regulate and provide for the nature and extent of proofs and

evidence.'" (ECF No. 16, PageID.1077)(*quoting* 42 U.S.C. § 405(a))(emphasis

added by Defendant).   The Commissioner also notes that in the absence of "explicit

statutory authority for the treating physician rule," Plaintiff cannot show that "the

Agency's rulemaking authority must yield to prior circuit court caselaw." *Id.*  The

Commissioner further disputes Plaintiff's claim that new regulations restrict the

judiciary's scope of review under the substantial evidence standard, arguing to the

contrary that the new regulations were promulgated in part because "federal courts

had interpreted the 'good reasons' requirement [for the analysis of a treating opinion] in a manner that thwarted the highly deferential substantial evidence standard of review and instead resulted in courts reweighing the evidence." (*Id*., PageID.1079-80)(*quoting Revisions to Rules Regarding the Evaluation of Medical Evidence* ("NPRM"), 81 Fed. Reg. 62560, 62572-73 (Sept. 9, 2016)(Proposed Rule)).

Under 42 U.S.C. § 405(a), the Commissioner has "full power and authority to make rules and regulations and to establish procedures . . . which are necessary or appropriate to carry out such provisions, and shall adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in order to establish the right to benefits hereunder."   It is well settled that agency rule and regulation making is entitled to deference.   "We have held that '[w]here  . . . the statute expressly entrusts the Secretary with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious.'"   *Bowen v Yuckert*, 482 US 137, 145 (1987)(*quoting Heckler v. Campbell*, 461 U.S. 458, 466 (1983)).   "When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question [of] whether Congress has directly spoken to the precise

question at issue." *Chevron, USA, Inc v Nat. Res Def Council, Inc*, 467 U.S. 837, 842 (1984).  "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id* at 843.  Plaintiff concedes the absence of "explicit statutory authority" for the treating physician rule.  (ECF No. 14, PageID.1021.)

But, as here, where "the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute as would be necessary in the absence of an administrative interpretation." *Id.*. "Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."  *Id.*   "In such a case, a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.* at 844.  To the contrary, "'[t]he power of an administrative agency to administer a congressionally created ... program necessarily requires the formulation of policy and the making of rules to fill any gap left, implicitly or explicitly, by Congress.'" *Id.* (*quoting Morton v. Ruiz*, 415 U.S. 199, 231 (1974)).  Because the Social Security Act explicitly grants power to the Commissioner to make rules and regulations and "provide for the nature and extent of proofs and evidence," the rules and regulations are entitled to "controlling weight"

13

unless they are "arbitrary, capricious, or manifestly contrary to the statute." *Chevron* at 844; *see also Natl. Cable & Telecom Ass'n v Brand X Internet Services*, 545 US 967, 982–83 (2005)(*citing Chevron*, 467 U.S., at 843–844 and n. 11)("[I]t is for agencies, not courts, to fill statutory gaps.").

Notably, Plaintiff does not argue that the new regulations are arbitrary, capricious, or contrary to the broad delegation of rule and regulation making authority set forth in § 405(a), and in fact, the newer regulations are well within the Commissioner's rule and regulation authority. Under the newer regulations, the factors of relationship, length of the treatment, frequency of examinations, purpose and extent of the treating relationship, and whether the source has examined the claimant would favor the opinions of treating sources, rather than consultative or non-examining ones. Further, "[t]here is nothing inherently unreasonable about giving medical opinions greater weight if they are better supported by objective medical evidence or consistent with other evidence." *Carr v Comm'r of Soc. Sec.*, No. 1:20-CV-00217-EPG, 2021 WL 1721692, at *5 (E.D. Cal. April 30, 2021)("Because the agency's interpretation is a reasonable policy choice . . . the Court finds that the regulations are entitled to *Chevron* deference with respect to the weight given to various medical sources.").

For the same reasons, Plaintiff's argument that the judicially created treating physician rule should be applied because it predates even the older regulations should also be rejected. The Commissioner correctly notes that prior to the promulgation of § 400.1527(c) in 1991, the courts permissibly created a "treating physician precedent in the absence of a definitive regulation by the Secretary." (ECF No. 16, PageID.1083.) However, the fact that the § 400.1527(c) reflected already-existing judicial precedent does not imply that the Commissioner was barred from later promulgating "reasonable and proper rules" differing from the prevailing judicial interpretations of the regulations. *Id.* (*quoting* § 405(a)). *See Schisler v. Sullivan*, 3 F.3d 563, 566-67 (2d Cir. 1993)(while in a "very unique" situation, the Court intervened in an Agency matter due to its inconsistency in implementing a new policy, "[that] relief should be distinguished from alternate situations in which the Secretary issues regulations after resorting to the customary administrative processes thus receiv[ing] the deference traditionally shown to administrative rulings.").

Plaintiff's argument that the newer standard for analyzing the medical opinion evidence must yield to judicial precedent has been rejected by numerous courts. *See Dany Z v. Saul*, No. 2:19-CV-217, --- F.Supp.3d ---, 2021 WL 1232641, at *10 (D.Vt. March 31, 2021)(*citing Chevron,* 467 U.S. at 842-844)("[E]ven if a court has

a different belief as to the best statutory interpretation of the statute, it must still follow the agency's construction so long as that construction is reasonable"); *Jones v. Saul*, No. 2:19-CV-01273 AC, 2021 WL 620475, at *6 (E.D. Cal. February 17, 2021)(deference to Commissioner's regulation making authority appropriate); *Patricia F. v. Saul*, No. 19-5590-MAT, 2020 WL 1812233, at *4 (W.D. Wash. Apr. 9, 2020)(Commissioner entitled to determine the standards for considering and articulating the medical opinion evidence).

Finally, Plaintiff has not stated why or how he believes that the newer standard for weighing medical evidence abrogates the substantial evidence standard of review. *See Dany Z,* at *10 (The fact that the medical opinion evidence is weighed differently under the new regulation does not change the fact that "[c]ourts must still review administrative decisions to determine whether they are supported by substantial evidence. The new regulations do not say otherwise"); *see Patricia F.* , at *4 (same).

For these reasons, Plaintiff cannot establish that the ALJ erred by applying § 404.1520c rather than § 400.1527(c) to the analysis of the medical opinion evidence.

### c.  Plaintiff Has Not Shown that the Application of § 404.1527(c)(2) Would Change the Result

Plaintiff appears to argue that if the older standard according deference to a treating source found in § 404.1527(c) had been applied, Dr. Silwanowicz's opinion would have been adopted, resulting in a disability finding.   In turn, the Commissioner contends that "even if Plaintiff could establish that the medical opinion rules for claims filed before March 27, 2017, applied to her case, she still cannot establish harmful error." C.F.R. § 404.1527(c).  (ECF No. 16, PageID.1076-77; *see also Id*., PageID.1090-94.)   The Commissioner points out that "[e]ven under the prior rules, ALJs had significant discretion in weighing opinion evidence. Plaintiff has not explained how the ALJ's explanation for the weight assigned to Dr. Silwanowicz's opinion fell short of the requirements" of § 404.1527(c).  (*Id*., PageID.1077.)

On September 19, 2019, Dr. Silwanowicz completed an "Ability to do Work Related Activities" checkbox assessment, indicating that Plaintiff had: "no useful ability" to maintain attention for two-hour segments; complete a workday without psychologically based interruption; accept instruction or criticism from supervisors; get along with coworkers; or, adapt to workplace changes." (ECF No. 8, PageID.790.)  Dr. Silwanowicz also checked boxes indicating that that Plaintiff was:

"unable to meet competitive standards" in remembering work-like procedures; maintain attendance, work without close supervision; make simple decisions; work without extra rest periods; deal with stress; or work around hazards. (*Id*.)  He wrote out in longhand that Plaintiff had concentrational problems "from depression and anxiety;" made "frequent" work errors; and had difficulty "responding to feedback" when depressed.  (*Id*.)  He found that Plaintiff's psychological condition would require her to miss more than four days of work each month. (*Id*., PageID.791.)

The ALJ acknowledged Dr. Silwanowicz's status as a treating source.  (*Id*., PageID.47.)  The ALJ evaluated Dr. Silwanowicz's September 2019 assessment as follows:

> This assessment is not as persuasive [as the non-examining source opinion] as it is not really consistent [with] the medical evidence and the record as a whole, including Dr. Silwanowicz's own treatment notes, which consistently reflected generally normal mental status examinations. He reported that the claimant presented with appropriate attire and normal grooming and hygiene. She was cooperative with good eye contact. She had linear and goal-directed thought process with no loose associations. She had no suicidal ideation, intention, or plan. The claimant was alert and oriented to exact time and place. She had good recent and remote memory, and good fund of knowledge. Her abstract thinking was within normal limitations. She had fair judgment and insight.

(*Id*., PageID.47-48.)  Instead, the ALJ found persuasive Karen Hanson, Ph.D.'s March, 2019 non-examining finding of no more than moderate concentrational and

18

adaptive limitation because it was "consistent with the record overall, including the treatment notes" by Dr. Silwanowicz regarding Plaintiff's "general[] mental status functioning." (*Id.*, PageID.47 (citation omitted).)  The ALJ cited Dr. Silwanowicz's own treating records showing: normal grooming and hygiene; a cooperative attitude; a goal directed thought process; good memory; and a good fund of knowledge.  (*Id.*, PageID.48.)

The ALJ's findings are consistent with my own review of the transcript. Most obviously, Dr. Silwanowicz's own records undermine his assessment:

• May 2018, improved mood with decreased anxiety (*Id.*, PageID.742-43);

• June 2018, family stressors but cooperative attitude with good recent and remote memory (*Id.*, PageID.353-355);

• January 2019, "progressively" improved mood with only occasional suicidal ideation, improved sleep and energy (*Id.*, PageID.910);

• February 2019, normal memory and thought content despite family stressors. (*Id.*, PageID.900-904);

• March 2019, good memory and orientation, normal thought content and organization (*Id.*, PageID. 894);

• May 2019, improved symptoms, good relationship with boyfriend, good memory (*Id.*, PageID.880);

• August 2019, denial of depression with symptoms in "partial remission" with improved anxiety (*Id.*, PageID.860);

• depressive symptoms lessened with reduced cannabis use (*Id.*, PageID.866.)

Dr. Hanson's March 2019 opinion of only mild limitation in the ability to understand, remember, apply information, and interact with others, and no more than moderate concentrational or adaptive limitations was drawn from the treating records showing consistently good concentration, memory, and appropriate interaction. (*Id.*, PageID.100-101.)

I agree with the Commissioner's contention that even if § 400.1527(c) applied, Plaintiff has not demonstrated how the ALJ's analysis fell short. Plaintiff's argument that the ALJ violated the former treating physician rule is limited to a one-sentence contention that the ALJ failed to defer to the treating opinion or provide "good reasons" for its rejection. (*Id.*, PageID.1024.) As a threshold matter, Plaintiff's one-sentence argument should be waived. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)(citation and internal quotation marks omitted).

Even assuming Plaintiff had "fleshed out" this argument, the result would not change. To be sure, the ALJ used the term "not . . . persuasive" in rejecting Dr.

Silwanowicz's opinion, which relies on the language of § 404.1520c not § 400.1527(c)(2).  (ECF No. 8, PageID.47.)  However, Plaintiff's argument that the ALJ's analysis does not meet the requirements of § 400.1527(c), even if she had made some attempt at development, fails anyway.   First, under the older standard, the deference accorded to opinions "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence" cannot be extended to treating opinions *unsupported* by the record. *Hensley, supra,* 573 F.3d at 266.  The ALJ's finding that Dr. Silwanowicz's opinion was contradicted by his own treating notes as well as the opinion of a non-examining source provides a legitimate basis for rejecting the treating source opinion. *See Warner, supra,* 375 F.3d at 390-392.

Second, the ALJ satisfied the articulation requirements of the § 400.1527(c) mandate of giving "good reasons" for rejecting a treating opinion.  The ALJ's rationale for rejecting the treating opinion includes Dr. Silwanowicz's own observations of good concentration, a cooperative attitude, good memory, and full orientation. (ECF No. 8, PageID.47.)  The citation to the treating records, along with Dr. Hanson's findings constitute "good reasons" under § 404.1527(c) for rejecting the treating opinion.

Further, although the ALJ did not discount Dr. Silwanowicz's opinion on the basis that it was made in check-box form, "[m]any courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's 'check-box form' of functional limitations that 'did not cite clinical test results, observations, or other objective findings ...'" *Ellars v. Comm'r of Soc. Sec*., 647 F. App'x 563, 566-67 (6th Cir. May 6, 2016)(*quoting Teague v. Astrue*, 638 F.3d 611, 616 (8th Cir. 2011)); *Smith v. Comm'r of Soc. Sec.,* No. 13–12759, 2015 WL 899207, at *14–15 (E.D. Mich. Mar. 3, 2015)(citing cases). Likewise here, Dr. Silwanowicz did not provide an explanation for his check-box findings that Plaintiff had no useful ability to function or was unable to meet competitive standards in several areas of functioning.

In short, while Plaintiff argues that the treating physician rule set forth in § 404.1527(c)(2) ought to have been applied to Dr. Silwanowicz's opinion, she has not shown how the application of the older standard would change the result.

### 2.    The ALJ's Analysis Also Satisfies the Requirements of § 404.1520c

Plaintiff's argument that the ALJ grossly mischaracterized the record in rejecting Dr. Silwanowicz's opinion is construed to state that the analysis would not pass muster under even the newer standard for evaluating medical opinions set

forth in § 404.1520c. (ECF No. 14, PageID.1012.)  As discussed above, the ALJ need only articulate the factors "supportability and consistency" in assigning a persuasive value to a medical opinion under § 404.1520c(b)(2).  The ALJ's finding that Dr. Silwanowicz's opinion was not persuasive is amply supported and well explained.  She observed that that Dr. Silwanowicz's opinion was − (1) contradicted by his own treating records showing mostly mild to moderate symptomology, and, (2) inconsistent with a non-treating assessment of the same treating records − satisfies these requirements. (ECF No. 8, PageID.47-48.) Notably, while Plaintiff argues that the ALJ's citation to Dr. Silwanowicz's treating records represents a "gross mischaracterization" of the record, she provides no example of how the ALJ mischaracterized, much less misstated the record in rejecting Dr. Silwanowicz's opinion.

In summary, the ALJ's rejection of Dr. Silwanowicz's opinion complies with the requirements of the current regulations. § 400.1520c.

## F.  Conclusion

Plaintiff has the burden of proof on statements of error.  *Walters*, 127 F.3d at 529 ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five.").  Plaintiff has not shown

legal error that would upend the ALJ's decision, and the Court's review of this opinion makes clear that it was based upon substantial evidence.

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 14), **GRANT** Defendant's motion for summary judgment (ECF No. 16), and **AFFIRM** the Commissioner of Social Security's decision.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  August 3, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE